Omar Antonio FUNES, aka Omar
Hernandez Escalera,
Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 13–72477.

United States Court of Appeals,
Ninth Circuit.

Submitted June 22, 2015.*

Filed July 7, 2015.

Omar Antonio Funes, pro se.

Ann A. Lim, Esquire, Los Angeles, CA,
for Petitioner.

Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, OIL, Richard Zan-
fardino, Trial, U.S. Department of Justice,
Washington, DC, for Respondent.

Before: HAWKINS, GRABER, and W.
FLETCHER, Circuit Judges.

MEMORANDUM **

Omar Antonio Funes, a native and citi-
zen of El Salvador, petitions for review of
the Board of Immigration Appeals' order
dismissing his appeal from an immigration
judge's decision denying his application for
asylum, withholding of removal, and pro-
tection under the Convention Against Tor-
ture ("CAT"). We have jurisdiction under
8 U.S.C. § 1252. We review for substan-
tial evidence the agency's factual findings.
*Silaya v. Mukasey,* 524 F.3d 1066, 1070
(9th Cir.2008). We deny the petition for
review.

Funes does not contend that he suffered
past persecution, but claims a fear of fu-
ture persecution and torture.

Substantial evidence supports the agen-
cy's determination that Funes did not es-
tablish a well-founded fear of persecution
on account of a protected ground. *See
Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th
Cir.2003) (possibility of persecution was
"too speculative").

Because Funes failed to meet the lower
standard of proof for asylum, his claim for
withholding of removal necessarily fails.
*See Zehatye v. Gonzales,* 453 F.3d 1182,
1190 (9th Cir.2006).

Finally, substantial evidence supports
the agency's denial of CAT relief because
Funes failed to establish it is more likely
than not he would be tortured at the insti-
gation of or with the acquiescence of the
government if returned to El Salvador.
*See Silaya,* 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.